# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| MELISSA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| IEC CORPORATION, *d/b/a* | ) | |
| *International Education Corporation*, | ) | _____ |
| UNITED EDUCATION INSTITUTE, | ) | |
| and LOCKWOOD & HOLMES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff MELISSA JOHNSON ("PLAINTIFF") hereby states claims for

relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA")

for unpaid overtime compensation and unlawful retaliation against

Defendant IEC Corporation, *d/b/a International Education Corporation*,

Defendant United Education Institute, and Defendant Lockwood & Holmes,

Inc. (collectively, "DEFENDANTS"), on the grounds stated below.

### *Jurisdiction and Venue*

1.      The Court has subject-matter jurisdiction over this action

pursuant to 28 U.S.C. § 1331 because PLAINTIFFS' claims for unpaid

overtime arise under the laws of the United States, pursuant to 28 U.S.C. §

1337 because this action arises under the FLSA, which is an Act of Congress

regulating commerce, and pursuant to 29 U.S.C. § 216(b) which allows

actions arising under the FLSA to be maintained in any federal court of

competent jurisdiction.

2.      This Court has venue over all claims in this action pursuant to 28

U.S.C § 1391(b)(2) because the acts alleged as a basis for the claims at issue

took place within this Court's jurisdictional boundaries.

### *The Parties*

3.      PLAINTIFF resides and, at all time relevant to this action, was

employed in this judicial district.

4.      Defendant IEC CORPORATION, *d/b/a International Education

Corporation*, ("IEC") is a California corporation with its principal place of

business at 16485 Laguna Canyon Road, Suite 300, Irvine, CA, 92618.

5.      Defendant UNITED EDUCATION INSTITUTE ("UEI"), is a

California corporation with its principal place of business at 16485 Laguna

Canyon Road, Suite 300, Irvine, CA, 92618.

6.      Defendant LOCKWOOD & HOLMES, INC. ("LHI") is a Georgia

corporation with its principal place of business located at 16485 Laguna

Canyon Road, Suite 300, Irvine, CA, 92618.

7.      Since at least as early as on or about January 2015, Defendant

IEC has done business in Clayton County, Georgia in the Northern District of

Georgia.

8.     Since at least as early as on or about January 2015, Defendant UEI has done business in Clayton County, Georgia in the Northern District of Georgia.

9.     Since at least as early as on or about January 2015, Defendant LHI has done business in Clayton County, Georgia in the Northern District of Georgia.

10.     Defendant IEC is subject to the personal jurisdiction of this Court.

11.     Defendant UEI is subject to the personal jurisdiction of this Court.

12.     Defendant LHI is subject to the personal jurisdiction of this Court.

13.     Defendant IEC can be served through its registered agent for service of process:  Corporation Service Company, which does business in California as CSA–Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

14.     Defendant UEI can be served through its registered agent for service of process:  Corporation Service Company, which does business in California as CSA–Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

15.     Defendant LHI can be served through its registered agent for service of process:  Corporation Service Company, 40 Technology Pkwy South, #300, Norcross, Georgia 30092.

### *Grounds for this Action*

16.     Since at least as early as on or about January 2015, DEFENDANTS have operated, in various cities in the United States, for-profit colleges that purport to provide career-training courses.

17.     Since at least as early as on or about January 2015, DEFENDANTS have operated a for-profit college in Morrow, Georgia—which they commonly called "UEI-Morrow."

18.     From at least as early as on or about February 2015 through at least as late as on or about December 9, 2015, PLAINTIFF was employed by Defendant IEC as an admissions representative at UEI-Morrow.

19.     From at least as early as on or about February 2015 through at least as late as on or about December 9, 2015, PLAINTIFF was employed by Defendant UEI as an admissions representative at UEI-Morrow.

20.     From at least as early as on or about February 2015 through at least as late as on or about December 9, 2015, PLAINTIFF was employed by Defendant LHI as an admissions representative at UEI-Morrow.

21.     PLAINTIFF's job as admissions representative was classified as non-exempt for purposes of overtime compensation under the FLSA.

22. PLAINTIFF was paid an hourly wage.

23. PLAINTIFF's primary job duties as an admissions representative did not involve the exercise of independent judgment.

24. PLAINTIFF was an employee engaged in commerce.

25. PLAINTIFF was an "employee" of Defendant IEC within the meaning of 29 U.S.C. § 203(e)(1).

26. PLAINTIFF was an "employee" of Defendant UEI within the meaning of 29 U.S.C. § 203(e)(1).

27. PLAINTIFF was an "employee" of Defendant LHI within the meaning of 29 U.S.C. § 203(e)(1).

28. During PLAINTIFF's employment, Defendant IEC was an "employer" within the meaning of 29 U.S.C. § 203(d).

29. During PLAINTIFF's employment, Defendant UEI was an "employer" within the meaning of 29 U.S.C. § 203(d).

30. During PLAINTIFF's employment, Defendant LHI was an "employer" within the meaning of 29 U.S.C. § 203(d).

31. During PLAINTIFF's employment, Defendant IEC was not exempt from the overtime obligations for an "employer" under the FLSA.

32. During PLAINTIFF's employment, Defendant UEI was not exempt from the overtime obligations for an "employer" under the FLSA.

33.     During PLAINTIFF's employment, Defendant LHI was not exempt from the overtime obligations for an "employer" under the FLSA.

34.     During each year of PLAINTIFF's employment, Defendant IEC had an annual gross volume of sales made that was more than $500,000.

35.     During each year of PLAINTIFF's employment, Defendant UEI had an annual gross volume of sales made that was more than $500,000.

36.     During each year of PLAINTIFF's employment, Defendant LHI had an annual gross volume of sales made that was more than $500,000.

37.     During each year of PLAINTIFF's employment, Defendant IEC had employees engaged in commerce.

38.     During each year of PLAINTIFF's employment, Defendant UEI had employees engaged in commerce.

39.     During each year of PLAINTIFF's employment, Defendant LHI had employees engaged in commerce.

40.     During each year of PLAINTIFF's employment, Defendant IEC was an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1).

41.     During each year of PLAINTIFF's employment, Defendant UEI was an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1).

42.     During each year of PLAINTIFF's employment, Defendant LHI was an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1).

43.     At all times relevant to this action, Defendant IEC controlled the job duties of PLAINTIFF, had the power to hire, fire, and modify the employment conditions of PLAINTIFF, and had the power to compensate and determine the benefits of PLAINTIFF, and control PLAINTIFF's work schedule and work hours.

44.     At all times relevant to this action, Defendant UEI controlled the job duties of PLAINTIFF, had the power to hire, fire, and modify the employment conditions of PLAINTIFF, and had the power to compensate and determine the benefits of PLAINTIFF, and control PLAINTIFF's work schedule and work hours.

45.     At all times relevant to this action, Defendant LHI controlled the job duties of PLAINTIFF, had the power to hire, fire, and modify the employment conditions of PLAINTIFF, and had the power to compensate and determine the benefits of PLAINTIFF, and control PLAINTIFF's work schedule and work hours.

46.     At all times relevant to this action, PLAINTIFF depended upon Defendant IEC's business as PLAINTIFF's means of livelihood and performed work for no other employer.

47. At all times relevant to this action, PLAINTIFF depended upon Defendant UEI's business as PLAINTIFF's means of livelihood and performed work for no other employer.

48. At all times relevant to this action, PLAINTIFF depended upon Defendant LHI's business as PLAINTIFF's means of livelihood and performed work for no other employer.

49. At all times relevant to this action, PLAINTIFF depended upon Defendant IEC's business as PLAINTIFF's means of livelihood and performed work for no other employer.

50. At all times relevant to this action, PLAINTIFF depended upon Defendant UEI's business as PLAINTIFF's means of livelihood and performed work for no other employer.

51. At all times relevant to this action, PLAINTIFF depended upon Defendant LHI's business as PLAINTIFF's means of livelihood and performed work for no other employer.

52. At all times relevant to this action, Defendant IEC, Defendant UEI, and Defendant LHI all had the exact same:

    a.    Principal executive office address of 16485 Laguna Canyon Road, Suite 300, Irvine, CA, 92618;

    b.    Chief Executive Officer, Fardad Fateri;

    c.    Chief Financial Officer, Lars Vaaler; and

d.    Corporate Secretary, Lars Vaaler.

53.    At various times relevant to this action, Defendant IEC stated in writing that admissions representatives at UEI-Morrow, like PLAINTIFF, were employees of Defendant IEC.

54.    At all times relevant to this action, on information and belief, Defendant IEC determined PLAINTIFF's regular hourly rate of pay as an admissions representative.

55.    At all times relevant to this action, on information and belief, Defendant UEI determined PLAINTIFF's regular hourly rate of pay as an admissions representative.

56.    At all times relevant to this action, on information and belief, Defendant LHI determined PLAINTIFF's regular hourly rate of pay as an admissions representative.

57.    At all times relevant to this action, on information and belief, Defendant IEC determined the policies, procedures, and practices that applied to PLAINTIFF.

58.    At all times relevant to this action, on information and belief, Defendant UEI determined the policies, procedures, and practices that applied to PLAINTIFF.

59.     At all times relevant to this action, on information and belief, Defendant LHI determined the policies, procedures, and practices that applied to PLAINTIFF.

60.     At all times relevant to this action, on information and belief, Defendant IEC determined who provided payroll and human resource services with respect to PLAINTIFF.

61.     At all times relevant to this action, on information and belief, Defendant UEI determined who provided payroll and human resource services with respect to PLAINTIFF.

62.     At all times relevant to this action, on information and belief, Defendant LHI determined who provided payroll and human resource services with respect to PLAINTIFF.

63.     At all times relevant to this action, on information and belief, Defendant IEC determined and controlled the employment benefits received by PLAINTIFF.

64.     At all times relevant to this action, on information and belief, Defendant UEI determined and controlled the employment benefits received by PLAINTIFF.

65.     At all times relevant to this action, on information and belief, Defendant LHI determined and controlled the employment benefits received by PLAINTIFF.

66.     At various times relevant to this action, Defendant IEC's management sent emails regarding the handling and performance of admissions activities directly to PLAINTIFF.

67.     At various times relevant to this action, Defendant UEI's management sent emails regarding the handling and performance of admissions activities directly to PLAINTIFF.

68.     At all times relevant to this action, Defendant LHI issued PLAINTIFF's paystubs.

69.     During PLAINTIFF's employment, PLAINTIFF was covered by 29 U.S.C. § 207(a).

70.     At various times relevant to this action, PLAINTIFF worked more than 40 hours in a workweek.

71.     At various times relevant to this action, PLAINTIFF was not paid all the overtime compensation properly due for work performed in excess of 40 hours in a workweek.

72.     At various times, PLAINTIFF:

    a.     worked off the clock;

    b.     arrived at work early and worked off the clock before clocking in;

    c.     clocked out at the end of her scheduled hours but continued working off the clock;

    d.     clocked out for lunch, but worked through lunch;

e.  was required by management to attend meetings after plaintiff had already clocked out;

73.  Defendant IEC and Defendant IEC's management were aware of the extra hours PLAINTIFF worked in excess of 40 hours in a workweek, including hours worked off the clock.

74.  Defendant UEI and Defendant UEI's management were aware of the extra hours PLAINTIFF worked in excess of 40 hours in a workweek, including hours worked off the clock.

75.  Defendant LHI and Defendant LHI's management were aware of the extra hours PLAINTIFF worked in excess of 40 hours in a workweek, including hours worked off the clock.

76.  At various times, DEFENDANTS' managers at UEI-Morrow entered arbitrary and false amounts of time on PLAINTIFF's time records that understated PLAINTIFF's actual hours worked in excess of 40 in a workweek, resulting in PLAINTIFF not being paid all the overtime compensation properly due for those workweeks.

77.  At various times, DEFENDANTS' managers at UEI-Morrow edited the actual time reflect on PLAINTIFF's time records to reduce her hours worked so that DEFENDANTS did not pay PLAINTIFF all the overtime compensation properly due for those workweeks.

78.     Numerous times, including several times in or around November 2015, PLAINTIFF complained to DEFENDANTS' managers that DEFENDANTS failed to pay all overtime compensation properly due her.

79.     On or about December 4, 2015, PLAINTIFF saw her supervisor edit her time records by falsely decreasing her actual hours worked, so that DEFENDANTS could avoid paying PLAINTIFF all overtime compensation properly due her.

80.     After seeing the false edit to her time records on December 4, 2015, PLAINTIFF complained to her supervisor about the falsification.

81.     On or about December 9, 2015, DEFENDANTS' supervisors called PLAINTIFF to a meeting, during which she was told that DEFENDANTS were firing her for working overtime and for working through lunch.

82.     DEFENDANTS never gave PLAINTIFF any prior warning that she would be fired for working overtime or for working through lunch.

83.     DEFENDANTS' supervisors who played a role in firing PLAINTIFF were in fact aware that PLAINTIFF previously had complained to them about not being paid proper overtime compensation.

## CLAIM AGAINST THE DEFENDANTS

### Count 1
### *29 U.S.C. § 207(a)*
### Unpaid Overtime Compensation
### *Defendant IEC*

84.    PLAINTIFF re-alleges and adopts Paragraphs 1-83 above and incorporates them by reference herein.

85.    By engaging in the conduct alleged above in Paragraphs 70-83, Defendant IEC CORPORATION, *d/b/a International Education Corporation*, violated the FLSA with respect to PLAINTIFF by not paying PLAINTIFF all the overtime compensation properly due for all hours worked in excess of 40 hours in a workweek, all in violation of 29 U.S.C. §§ 207(a), 216.

86.    By engaging in the conduct alleged above in Paragraphs 70-83, Defendant IEC CORPORATION, *d/b/a International Education Corporation*, willfully—*i.e.*, voluntarily, deliberately, intentionally, and with reckless disregard—violated the FLSA with respect to PLAINTIFF, all in violation of 29 U.S.C. § 255.

87.    As a direct and proximate result of the conduct alleged above in Paragraphs 70-83, PLAINTIFF was not paid all wages due in the manner required by the FLSA.

88.     As a direct and proximate result of the conduct alleged above in Paragraphs 70-83, PLAINTIFF was not paid all overtime compensation properly due as required by the FLSA.

89.     The conduct of Defendant IEC CORPORATION, *d/b/a International Education Corporation*, that gives rise to this action was not in good faith and not based on any reasonable grounds for believing such conduct did not violate the FLSA.

90.     As a direct and proximate result of the conduct alleged above in Paragraphs 70-83, PLAINTIFF is entitled to recover unpaid overtime compensation and an additional equal amount as liquidated damages, pre- and post-judgment interest, in addition to reasonable attorney's fees and costs of this action, all through the date of entry of judgment, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined as specified by law.

**Count 2**
***29 U.S.C. § 207(a)***
**Unpaid Overtime Compensation**
***Defendant UEI***

91.     PLAINTIFF re-alleges and adopts Paragraphs 1-83 above and incorporates them by reference herein.

92.     By engaging in the conduct alleged above in Paragraphs 70-83, Defendant UNITED EDUCATION INSTITUTE violated the FLSA with respect to PLAINTIFF by not paying PLAINTIFF all the overtime

compensation properly due for all hours worked in excess of 40 hours in a workweek, all in violation of 29 U.S.C. §§ 207(a), 216.

93. By engaging in the conduct alleged above in Paragraphs 70-83, Defendant UNITED EDUCATION INSTITUTE willfully—*i.e.*, voluntarily, deliberately, intentionally, and with reckless disregard—violated the FLSA with respect to PLAINTIFF, all in violation of 29 U.S.C. § 255.

94. As a direct and proximate result of the conduct alleged above in Paragraphs 70-83, PLAINTIFF was not paid all wages due in the manner required by the FLSA.

95. As a direct and proximate result of the conduct alleged above in Paragraphs 70-83, PLAINTIFF was not paid all overtime compensation properly due as required by the FLSA.

96. The conduct of Defendant UNITED EDUCATION INSTITUTE that gives rise to this action was not in good faith and not based on any reasonable grounds for believing such conduct did not violate the FLSA.

97. As a direct and proximate result of the conduct alleged above in Paragraphs 70-83, PLAINTIFF is entitled to recover unpaid overtime compensation and an additional equal amount as liquidated damages, pre- and post-judgment interest, in addition to reasonable attorney's fees and costs of this action, all through the date of entry of judgment, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined as specified by law.

## Count 3
### *29 U.S.C. § 207(a)*
### Unpaid Overtime Compensation
### *Defendant LHI*

98.  PLAINTIFF re-alleges and adopts Paragraphs 1-83 above and incorporates them by reference herein.

99.  By engaging in the conduct alleged above in Paragraphs 70-83, Defendant LOCKWOOD & HOLMES, INC. violated the FLSA with respect to PLAINTIFF by not paying PLAINTIFF all the overtime compensation properly due for all hours worked in excess of 40 hours in a workweek, all in violation of 29 U.S.C. §§ 207(a), 216.

100.  By engaging in the conduct alleged above in Paragraphs 70-83, Defendant LOCKWOOD & HOLMES, INC. willfully—*i.e.*, voluntarily, deliberately, intentionally, and with reckless disregard—violated the FLSA with respect to PLAINTIFF, all in violation of 29 U.S.C. § 255.

101.  As a direct and proximate result of the conduct alleged above in Paragraphs 70-83, PLAINTIFF was not paid all wages due in the manner required by the FLSA.

102.  As a direct and proximate result of the conduct alleged above in Paragraphs 70-83, PLAINTIFF was not paid all overtime compensation properly due as required by the FLSA.

103.   The conduct of Defendant LOCKWOOD & HOLMES, INC. that gives rise to this action was not in good faith and not based on any reasonable grounds for believing such conduct did not violate the FLSA.

104.   As a direct and proximate result of the conduct alleged above in Paragraphs 70-83, PLAINTIFF is entitled to recover unpaid overtime compensation and an additional equal amount as liquidated damages, pre- and post-judgment interest, in addition to reasonable attorney's fees and costs of this action, all through the date of entry of judgment, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined as specified by law.

### Count 4
### *29 U.S.C. § 215(a)(3)*
### Unlawful Retaliation
### *Defendant IEC*

105.   PLAINTIFF re-alleges and adopts Paragraphs 1-83 above and incorporates them by reference herein.

106.   By engaging in the conduct alleged above in Paragraphs 70-83, Defendant IEC CORPORATION, *d/b/a International Education Corporation*, violated the FLSA's prohibition on retaliation with respect to PLAINTIFF.

107.   Defendant IEC CORPORATION, *d/b/a International Education Corporation*, retaliated against PLAINTIFF for complaining about FLSA overtime violations against her with respect to terminating her, and other terms, conditions and benefits of employment, all in violation of the FLSA.

108.   By engaging in the conduct alleged above in Paragraphs 70-83, Defendant IEC CORPORATION, *d/b/a International Education Corporation*, knowingly, intentionally, and willfully violated the FLSA's prohibition on retaliation with respect to PLAINTIFF.

109.   As a direct and proximate result of the conduct alleged above in Paragraphs 70-83, PLAINTIFF has suffered and is continuing to suffer injury including, but not limited to, substantial loss of income, and loss of benefits.

110.   As a direct and proximate result of the conduct alleged above in Paragraphs 70-83, PLAINTIFF has suffered and is continuing to suffer injury including emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

111.   As a direct and proximate result of the conduct alleged above in Paragraphs 70-83, PLAINTIFF is entitled to recover her lost earnings, wages, employment benefits, prejudgment and post-judgment interest, liquidated damages in an amount equal to the lost compensation and benefits, compensatory damages, declaratory and injunctive relief, and reasonable attorney's fees and expenses of litigation, all pursuant to the FLSA.

112.   PLAINTIFF re-alleges and adopts Paragraphs 1-83 above and incorporates them by reference herein.

113.   By engaging in the conduct alleged above in Paragraphs 70-83, Defendant UNITED EDUCATION INSTITUTE violated the FLSA's prohibition on retaliation with respect to PLAINTIFF.

114.   Defendant UNITED EDUCATION INSTITUTE retaliated against PLAINTIFF for complaining about FLSA overtime violations against her with respect to terminating her, and other terms, conditions and benefits of employment, all in violation of the FLSA.

115.   By engaging in the conduct alleged above in Paragraphs 70-83, Defendant UNITED EDUCATION INSTITUTE knowingly, intentionally, and willfully violated the FLSA's prohibition on retaliation with respect to PLAINTIFF.

116.   As a direct and proximate result of the conduct alleged above in Paragraphs 70-83, PLAINTIFF has suffered and is continuing to suffer injury including, but not limited to, substantial loss of income, and loss of benefits.

117.   As a direct and proximate result of the conduct alleged above in Paragraphs 70-83, PLAINTIFF has suffered and is continuing to suffer injury

including emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

118.   As a direct and proximate result of the conduct alleged above in Paragraphs 70-83, PLAINTIFF is entitled to recover her lost earnings, wages, employment benefits, prejudgment and post-judgment interest, liquidated damages in an amount equal to the lost compensation and benefits, compensatory damages, declaratory and injunctive relief, and reasonable attorney's fees and expenses of litigation, all pursuant to the FLSA.

**Count 6**
*29 U.S.C. § 215(a)(3)*
**Unlawful Retaliation**
*Defendant LHI*

119.   PLAINTIFF re-alleges and adopts Paragraphs 1-83 above and incorporates them by reference herein.

120.   By engaging in the conduct alleged above in Paragraphs 70-83, Defendant LOCKWOOD & HOLMES, INC. violated the FLSA's prohibition on retaliation with respect to PLAINTIFF.

121.   Defendant LOCKWOOD & HOLMES, INC. retaliated against PLAINTIFF for complaining about FLSA overtime violations against her with respect to terminating her, and other terms, conditions and benefits of employment, all in violation of the FLSA.

122.   By engaging in the conduct alleged above in Paragraphs 70-83, Defendant LOCKWOOD & HOLMES, INC. knowingly, intentionally, and willfully violated the FLSA's prohibition on retaliation with respect to PLAINTIFF.

123.   As a direct and proximate result of the conduct alleged above in Paragraphs 70-83, PLAINTIFF has suffered and is continuing to suffer injury including, but not limited to, substantial loss of income, and loss of benefits.

124.   As a direct and proximate result of the conduct alleged above in Paragraphs 70-83, PLAINTIFF has suffered and is continuing to suffer injury including emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

125.   As a direct and proximate result of the conduct alleged above in Paragraphs 70-83, PLAINTIFF is entitled to recover her lost earnings, wages, employment benefits, prejudgment and post-judgment interest, liquidated damages in an amount equal to the lost compensation and benefits, compensatory damages, declaratory and injunctive relief, and reasonable attorney's fees and expenses of litigation, all pursuant to the FLSA.

### ***PRAYER FOR RELIEF***

WHEREFORE, plaintiff MELISSA JOHNSON respectfully prays that this Court enter judgment in her favor and against DEFENDANTS jointly and severally for:

A.      All amounts of unpaid overtime compensation that PLAINTIFF would have received but for DEFENDANTS' unlawful conduct, pursuant to 29 U.S.C. § 216(b).

B.      An additional equal amount of all unpaid overtime compensation as liquidated damages, pursuant to 29 U.S.C. § 216(b).

C.      All reasonable attorney's fees and costs of the action through entry of judgment, pursuant to the FLSA, including all reasonable attorney's fees and costs for:

(1)      the time spent plus costs reasonably incurred throughout this action relating to the claims of PLAINTIFF under the FLSA;

(2)      the time spent litigating both the entitlement to and amount of attorney's fees and costs incurred throughout this action plus costs of investigation and litigation reasonably incurred relating to the claims of PLAINTIFF under the FLSA, whether in connection with any settlement, compromise, any accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58;

(3)      the time spent litigating the fairness and reasonableness of any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58, pursuant to and as required by the FLSA and *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982), and

(4)    the time spent explaining to PLAINITFF any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58.

D.    Pre-judgment and post-judgment interest on all amounts awarded pursuant to the FLSA, including lost compensation, liquidated damages, compensatory and emotional distress damages, punitive damages, and litigation expenses including attorney's fees, costs, and costs of investigation and litigation of this action.

E.    All such other legal and equitable relief, including injunctive relief, to which PLAINTIFF is entitled as a matter of law and equity.

F.    All such other and further relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff demands a jury trial on all issues triable of right by a jury.**

Respectfully submitted,

**s/ *Marc Garber***
MARC N. GARBER
Georgia Bar No. 283847
mngarber@garberlaw.net
ALAN H. GARBER
Georgia Bar No. 283840
ahgarber@garberlaw.net
THE GARBER LAW FIRM, PC
4994 Lower Roswell Rd Ste 14

Marietta, GA 30068-5648
(678) 560-6685
(678) 560-5067 (facsimile)

***Attorneys for the Plaintiff***